# EXHIBIT A

COPY

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

SEP 1 4 2016

TERRY McNALLY, CLERK
BY_____DEPUTY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

NOTICE OF ASSIGNMENT AND
CASE MANAGEMENT CONFERENCE

Assigned to _Linda S. Etienne_ for all purposes.
Hearing Date: _March 20, 2017_
Time: _8:30 AM_
Department: _12_

Rule 3.720 Et. Seq.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF KERN
LIMITED JURISDICTION

LAURENCE CLAYTON,

    Plaintiff,

-vs-

CONVERGENT OUTSOURCING, INC.,

    Defendant.

) Case No. BCL-16-014981
)
) COMPLAINT FOR
)
) 1. Violation of Rosenthal Fair Debt
)    Collection Practices Act
) 2. Violation of Fair Debt Collection
)    Practices Act
)
) (Amount not to exceed $10,000)
)
) Jury Trial Demanded
)

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by Plaintiff LAURENCE CLAYTON for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, LAURENCE CLAYTON. ("Plaintiff"), is a natural person residing in Kern County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

Complaint - 1

3. At all relevant times herein, Defendant, CONVERGENT OUTSOURCING, INC.. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

### III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

5. Around and before March, 2016, Defendant called Plaintiff from the phone number 760-979-5334. Defendant called Plaintiff on many occasions, to the point of harassment.

6. Defendant did not notify Plaintiff of his right to dispute the debt. Plaintiff has never received anything in writing from Defendant.

7. As a result of Defendant's actions, Plaintiff retained counsel. A notice of representation and request for validation was sent to Defendant on March 16, 2016. Defendant has not responded to that letter at this time.

8. Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)) ;

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d)); and

f) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a)).

9. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages;

C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 9th day of September, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff